11-2670-ag
Gao v. Holder

BIA
Schoppert, IJ
A088 372 134

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand twelve.

PRESENT:
      JON O. NEWMAN,
      JOSEPH M. McLAUGHLIN,
      RAYMOND J. LOHIER, JR.,
         Circuit Judges.

_____

SI AN GAO,
     *Petitioner*,

     v.                        11-2670-ag
                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONER:      Norman Kwai Wing Wong, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Rebekah Nahas, Trial

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Si An Gao, a native and citizen of the People's Republic of China, seeks review of a June 9, 2011, order of the BIA affirming the January 26, 2009, decision of Immigration Judge ("IJ") Douglas Schoppert denying Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Si An Gao*, No. A088 372 134 (B.I.A. June 9, 2011), *aff'g* No. A088 372 134 (Immig. Ct. N.Y. City Jan. 26, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

-2-

The agency reasonably concluded that Gao's testimony was not credible because he testified that he was detained and beaten and his employer withheld his salary because of his violation of the family planning policy, but did not mention these events in his asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that for asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "responsiveness" and inconsistencies in her statements without regard to whether they go "to the heart of the applicant's claim"); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008) (providing that, for purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent").

The IJ did not err in rejecting Gao's explanations that he forgot to include this information in his asylum application and did not consider his detention part of an arrest. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original;

quotations omitted)).  While Gao now argues that he had an incentive to present different aspects of his experience as a result of changes in the interpretation of immigration law between the time he filed his asylum application and his hearing before the IJ,[1] that incentive does not undermine the IJ's conclusion that Gao omitted relevant information from his asylum application.  Rather, these changes support the IJ's conclusion that Gao likely gave false testimony to bolster his claim.  *See Hassan v. Holder*, 571 F.3d 631, 639 (7th Cir. 2009) ("[T]he IJ could conclude that Hassan's testimony about events not disclosed in his application was an attempt to 'embellish' his asylum claim.").

Additionally, the IJ reasonably found that Gao's corroborating evidence did not rehabilitate his testimony, but instead undermined it because the letter from Gao's wife also did not mention his arrest and beating or the years he worked without a salary.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (concluding that once an asylum applicant's testimony has been called into question, an IJ can expect the

---

[1]When Gao filed his asylum application, the BIA had held that a husband could qualify for asylum based on the forcible termination of his wife's pregnancy.  That argument was foreclosed by our decision in *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc).

applicant to provide corroboration to rehabilitate that testimony).

Together, the discrepancies between Gao's testimony and his asylum application and his wife's letter constitute substantial evidence in support of the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Accordingly, the agency did not err in concluding that Gao was not eligible for asylum, withholding of removal, or CAT relief based on his experiences under China's family planning policy. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

Finally, the agency did not err in concluding that Gao did not otherwise demonstrate his eligibility for CAT relief. Although he alleged that he would be tortured because he departed from China illegally and applied for asylum in the United States, he presented no particularized evidence demonstrating that he is likely to be tortured if repatriated. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 157–60 (2d Cir. 2005) (holding that a petitioner is not "entitled to CAT protection based *solely* on the fact that she is part of the large class of persons who have illegally departed China," and that beyond generalized country conditions reports stating that some Chinese prisoners have

been tortured, an applicant for CAT relief must submit particularized evidence suggesting that she is likely to be subject to torture in Chinese prisons) (emphasis in original).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk